**AFFIRM AS MODIFIED; Opinion Filed May 5, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00106-CR**

**DEWIGHT WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-76870-N**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Kennedy

Dewight Williams appeals the judgment in his conviction for aggravated assault with a deadly weapon. In a letter brief, the State requests modifications to the judgment. We affirm the trial court's judgment as modified herein. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On November 19, 2019, appellant was arrested for breaking the glass door of a dry cleaners the previous month. Later that day, appellant confessed to striking an

employee at a pet store with a hammer, which is the offense that resulted in the conviction from which he now appeals.

On November 22, 2019, over defense's objection, the trial court granted the State's motion to increase appellant's bond amount to $200,000 based on the danger he represented to the community.

On February 5, 2020, appellant was charged by indictment with aggravated assault with a deadly weapon in connection with the pet store incident.

Appellant's appointed counsel gave notice to the trial court of appellant's intention to raise an insanity defense and requested the appointment of an expert to examine appellant and determine his competency to stand trial and "as to his insanity defense." The trial court ordered the requested appointment. The appointed clinical forensic psychologist subsequently examined appellant, and the resulting report was filed with the court and later admitted into evidence. The report included appellant's documented mental health history prior to the date of the charged offense and the conclusion that he did not meet the legal criteria for not guilty by reason of insanity.

On August 24, 2020, appellant signed a plea agreement, pursuant to which he judicially confessed to having committed the second-degree felony offense of aggravated assault with a deadly weapon and entered a plea of guilty. The plea agreement indicated that the sentence in the aggravated assault case would run concurrently with trial cause number F19-76853, in which appellant was charged with criminal mischief for his conduct at the dry cleaners. Appellant elected to have

–2–

the trial court judge assess punishment and consented to plead by video conference. The following day, the trial court conducted a plea hearing via Zoom on the underlying offense and the criminal mischief case.

At the plea hearing, the trial court admonished appellant of the offenses he was charged with and the range of punishment for each offense. When the judge asked appellant if he had any questions about the paperwork in each case, appellant stated he did not remember what he read with his attorney. The trial court confirmed appellant reviewed the plea agreement and related paperwork with his attorney. Appellant affirmatively stated he understood the documents he signed, the charges and ranges of punishment, and his right to a jury trial. Appellant entered pleas of guilty to both offenses as charged in each indictment and stated he did so freely and voluntarily.

Both the State and defense presented evidence at the hearing. The State presented testimony from the employees at the dry cleaners and the pet store, appellant's judicial confession to the aggravated assault offense, the 9-1-1 call placed by the pet store's manager, a video recording from the pet store surveillance camera of the aggravated assault, the clinical forensic psychologist's report, and a letter from a licensed professional counselor who testified as a character witness for appellant. The dry cleaners employee testified the amount of damages from appellant's conduct breaking the glass door was approximately $3,500. The pet store employee testified as to her physical and mental injuries she suffered as a result of

appellant's conduct, including more than eight seizures after the initial seizure she suffered when appellant struck her in the chest. The defense offered testimony from the clinical forensic psychologist who examined appellant for his competency to stand trial and to determine whether he was insane at the time of the offense, and three character witnesses, including appellant's common-law husband, a German citizen and permanent resident who met and began a relationship with appellant in Dallas. Appellant elected not to testify on his behalf and stated he understood that he had the right to testify and had discussed his rights with his attorney.

At the conclusion of the plea hearing, the trial court accepted appellant's pleas of guilty, found the evidence sufficient to prove appellant's guilt beyond a reasonable doubt, and found appellant guilty of the offenses of aggravated assault with a deadly weapon and criminal mischief less than $30,000 but greater than $2,500. The trial court then proceeded to conduct a sentencing hearing, assessing punishment at one year's confinement for the criminal mischief offense and ten years' confinement for the aggravated assault with a deadly weapon offense, with the sentences to be served concurrently.

The record does not contain any indication appellant filed a motion for new trial in either case. The trial court certified appellant's right to appeal, and on September 2, 2020, appellant timely filed a notice of appeal in the aggravated assault with a deadly weapon case, and the trial court appointed appellate counsel. The record contains an August 26, 2020 email from appellant's trial counsel requesting

–4–

payment for his representation of appellant. That same day, trial judge responded, asking whether appellant wished to appeal, and the trial counsel replied, "Client told me yesterday he did NOT wish to appeal. Told him of 30 day deadline and handed him the 'right to appeal' sheet." The record does not contain any notice of appeal in the criminal mischief case. Notwithstanding that lack of notice of appeal in the criminal mischief case, the record contains letters and motions filed by appellant, which indicate his belief that the judgments in both cases were appealed.

### DISCUSSION

Appellant's appointed appellate counsel filed an *Anders* brief and motion to withdraw, stating that he had diligently reviewed the entire appellate record and that, in his opinion, there are no meritorious issues on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). The State filed a letter brief in which it agreed with appointed counsel that the record shows no reversible error and that the appeal is without merit and also requested the correction of two errors in the judgment.

On our own motion, this Court ordered the trial court to conduct a hearing and make findings of fact and recommendations regarding one of the State's exhibits, which was not in our appellate record. The trial court did so, and a record of the hearing and the missing exhibit were filed with this Court. We further ordered appellant's appointed appellate counsel to file a supplemental *Anders* brief addressing the missing exhibit, the disparity between the lack of appeal in the criminal mischief case and appellant's apparent belief to the contrary, and the trial

court's grant of the State's motion to increase appellant's bond amount over the defense's objection. Appointed appellate counsel filed an amended *Anders* brief that meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in his opinion, there are no grounds upon which an appeal can be predicated. Counsel specifically noted, from his review of the following, that he found no issues presented for review: (1) the sufficiency of the indictment, (2) appellant's competency to stand trial, (3) sufficiency of the evidence, and (4) the voluntariness of the plea. In addition, counsel reviewed the performance of trial counsel[1] and concluded the record does not reflect counsel failed to interpose a proper objection that might have preserved reversible error and states nothing in the record suggests the punishment assessed is grossly disproportionate to the crime. Also, per our order, counsel addressed the

---

[1] In response to our order to supplement the brief in which this Court noted the apparently mistaken belief of appellant that an appeal was pending in his criminal mischief case, counsel noted that he was appointed to represent appellant only in the aggravated assault case, not the criminal mischief case. He noted that without a notice of appeal in that case, there is no jurisdiction as to any potential issues of ineffective assistance of counsel. Counsel stated that out of an abundance of caution, he enclosed a form mandated by the Texas Court of Criminal Appeals to raise the issue of a possible out-of-time appeal based on a possible belief of ineffective assistance of counsel to appellant for not also filing a notice of appeal in the criminal mischief case. *See* TEX. CODE CRIM. PROC. art. 11.07.

increased bond amount over defense objection, noting the record contains no indication that this increase was appealed or that any attempt was made to obtain a lower bond amount.[2]

Counsel delivered a copy of the brief to appellant, and by letter dated June 24, 2022, we advised appellant of his right to file a pro se response by August 15, 2022. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file *pro se* response to *Anders* brief filed by counsel). We advised appellant that failure to file a pro se response by that date would result in the case being submitted on the *Anders* brief alone. Appellant did not file a response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Having reviewed the entire record and counsel's brief, we find nothing that would arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). Accordingly, we affirm the trial court's judgment.

In accordance with *Anders*, counsel has filed a motion to withdraw from the case. *See Anders*, 386 U.S. at 744; *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex.

---

[2] To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). But, even assuming, without deciding, the docket notation of defense's objection to the increase in bond amount preserved a complaint for review on appeal, there is nothing in the record to support an argument the trial court abused its discretion by increasing appellant's bond "based on danger to community." *See* TEX. CODE CRIM. PROC. art. 17.09 § 3; art. 17.15(a)(5) (one of rules for setting amount of bond is that "[t]he future safety of . . . the community shall be considered").

App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous."). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel shall send a copy of the opinion and judgment to appellant and advise appellant of his right to pursue a petition for discretionary review. *See* TEX. R. APP. P. 48.4.

### MODIFICATION OF THE JUDGMENT

In its letter brief, the State requests two corrections of the judgment. First, the judgment states appellant entered into a plea-bargain agreement with the State for a ten-year sentence when the record reflects appellant entered an open plea of guilty. Second, the name of appellant's trial counsel is spelled "Geaorge" when the record reflects his name is spelled "George" in pleadings. In his amended brief, appointed appellate counsel agrees with these modifications. We also note that the name of the attorney for the State is spelled "Hawkns" but spelled as "Hawkins" in the plea agreement and record of the plea hearing.

We may modify a trial court's written judgment if the necessary information to do so is contained in the record. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We have concluded that there is a sufficient basis in the record to support the modifications of the judgment requested by the

–8–

State. Accordingly, we modify the judgment in this case to delete "10 YEARS TDC" from the section entitled "Terms of Plea Bargain." We further modify the judgment to reflect the correct spelling of appellant's counsel's name in the section entitled "Attorney for Defendant" as "George Conkey" and to reflect the correct spelling of the State's attorney's name in the section entitled "Attorney for State" as "J. Chris Hawkins."

## CONCLUSION

As modified, we affirm the judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
220106F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DEWIGHT WILLIAMS, Appellant

No. 05-22-00106-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-76870-N. Opinion delivered by Justice Kennedy. Justices Carlyle and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

[D]elete "10 YEARS TDC" from the section entitled "Terms of Plea Bargain." We further modify the judgment to reflect the correct spelling of appellant's counsel's name in the section entitled "Attorney for Defendant" as "George Conkey" and to reflect the correct spelling of the State's attorney's name in the section entitled "Attorney for State" as "J. Chris Hawkins."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of May, 2023.